SLIP OPINION

Cite as 2015 Ark. App. 17

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-520

| | | |
|---|---|---|
| | | **Opinion Delivered** January 14, 2015 |
| MARLIN LEACH | | APPEAL FROM THE CRITTENDEN |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. CR-2011-1051] |
| V. | | HONORABLE RALPH WILSON, JR., |
| | | JUDGE |
| STATE OF ARKANSAS | | AFFIRMED; MOTION TO WITHDRAW |
| | APPELLEE | GRANTED |

**LARRY D. VAUGHT, Judge**

Marlin Leach appeals from the sentencing order entered on March 11, 2014, revoking his probation. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), his attorney has filed a no-merit brief and a motion to withdraw as counsel, asserting that there is no issue of arguable merit to present on appeal. We affirm the revocation of Leach's probation and grant counsel's motion to withdraw.

Leach entered a plea of guilty to theft of property, a Class C felony, on October 31, 2011. He was sentenced to eighteen months' probation and ordered to pay fees and costs. As conditions of his probation, Leach was ordered to live a law-abiding life, be of good behavior, and not commit any violations of law. He was also required to provide the sheriff and his probation officer with his current address and employment information. On February 15, 2013, the State filed a petition to revoke probation, alleging that Leach had (1) failed to pay fines, costs, and fees; (2) failed to report to his probation officer as directed; (3) failed to pay probation

SLIP OPINION

fees; (4) failed to notify his probation officer of his current address and employment; (5) possessed and used marijuana and amphetamines; and (6) been convicted of domestic battery, third degree, in Craighead County on December 22, 2012.

At a revocation hearing held on March 11, 2014, Leach's probation officer, Mary Marshall, testified that he owed $230 in probation-supervision fees, although she believed that he had appeared at the probation office the day before and attempted to pay them. She did not know if he had successfully paid the fees, but testified that he had generally been delinquent in paying his fees prior to that date. She had previously converted his delinquent fees to community-service hours, which he did not complete. She also testified that he had admitted to marijuana use and had tested positive for marijuana and amphetamines. She testified that he missed his drug-counseling sessions so many times that he was dismissed from those groups. She also testified that she had tried to contact him by phone and by letter, but he did not respond to the phone call and the letter was returned. She reported that he had stopped reporting to her. After he was arrested on the probation-revocation warrant, she again gave him a referral to a drug-and-alcohol assistance group, and he again failed to attend those sessions.

At the end of the State's case, Leach's attorney moved for directed verdict. The court granted the motion as to count one, failure to pay fees and costs, because it was unclear if he had successfully paid in full the day before the hearing. The court also dismissed count six, the conviction for domestic battery, and count four, failure to notify the sheriff's office and his probation officer of his current address.

Leach then testified that he had paid his supervision fees in full the previous day. He admitted to using illegal drugs while on probation. He testified that he had recently had a friend and an aunt pass away and that his father was on dialysis, so he used the drugs to deal with the stress. He stated that he knew it was wrong and was now clean. He testified that he had notified his probation officer of his current address. He admitted to not attending drug classes and not reporting to his probation officer.

The court found that Leach had inexcusably failed to promptly notify his probation officer of any change of address, report to his probation officer as directed, report to drug-counseling sessions as directed, and refrain from possessing or using controlled substances. The court also found that he had not paid his fines and costs as directed, but did not revoke on that ground since they may have been paid before the hearing. The court noted that it appeared that Leach had not complied with conditions regarding his employment, but stated that it was not revoking on that ground since that condition was not specifically pled. The court revoked Leach's probation on March 11, 2014, and Leach was sentenced to twenty-four months' incarceration in the Arkansas Department of Correction.

As allowed by Arkansas Supreme Court Rule 4-3(k) and *Anders*, Leach's counsel has filed a motion to withdraw, stating that there is no merit to an appeal. *Anders*, 386 U.S. 738. The motion is accompanied by an abstract and addendum of the proceedings below, including all objections and motions decided adversely to Leach, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of the court served Leach

SLIP OPINION

with a copy of counsel's brief and notified him of his right to file pro se points on appeal within thirty days. Leach filed no pro se points.

An attorney's motion to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client that were made on any objection, motion, or request made by either party. Ark. Sup. Ct. R. 4-3(k)(1). The brief must also contain an explanation of why each adverse ruling is not a meritorious ground for reversal. *Id.* We are bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 279, 47 S.W.3d 915, 919 (2001) (citing *Anders*, 386 U.S. at 744).

From our review of the record and the brief presented to us, we find compliance with Rule 4-3(k)(1) and agree that there is no merit to an appeal. The only adverse ruling was the court's decision to revoke Leach's probation. Leach testified at the hearing and admitted committing multiple violations of the conditions of his probation. Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Williams v. State*, 2013 Ark. App. 422, at 3. Although the petition and amended petition for revocation of Leach's probation alleged multiple violations, the State must only prove one. *Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004). A trial court's decision to revoke probation will not be overturned on appeal unless it is clearly against the preponderance of the evidence. *Williams*, 2013 Ark. App. 422, at 3. In this case, the trial court's revocation of Leach's probation was not clearly erroneous or clearly against

the preponderance of the evidence. *See Bishop v. State*, 2014 Ark. App. 41, at 4. Accordingly, we affirm the order of revocation and grant defense counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.