Cite as 2019 Ark. App. 401

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–18–925

| | |
|---|---|
| DEMORCUS L. SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 25, 2019<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. 02CR-14-98]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RITA W. GRUBER, Chief Judge

This case has returned to us after rebriefing. It is a companion case to *Smith v. State*, 2019 Ark. App. 400 (case No. CR–18–897), also handed down today. Both are no-merit appeals from orders of revocation of probation entered on July 10, 2018. The court held one hearing for both cases. In this case, the Ashley County Circuit Court revoked Demorcus Smith's probation from an underlying conviction entered on a plea of guilty to second-degree sexual assault on December 9, 2014.

Pursuant to Arkansas Supreme Court Rule 4–3(k) and *Anders v. California*, 386 U.S. 738 (1967), Smith's attorney has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served Smith with a copy of counsel's brief and

notified him of his right to file a pro se statement of points for reversal within thirty days; he has not filed a statement. We affirm the conviction and grant counsel's motion to withdraw.

Counsel has briefed the only adverse ruling, sufficiency of the evidence to support the revocation. Smith pleaded guilty to the underlying charge of second-degree sexual assault, and an order was entered on that plea on December 9, 2014, placing him on probation for a period of sixty months. A petition to revoke was filed in 2017 for committing the offenses of failure to register as a sex offender; testing positive for drugs; failure to report as directed; and failure to pay fines, costs, and fees as ordered. On September 12, 2017, the court entered an order finding that Smith had admitted violating the conditions of his probation and extending his probation for an additional seventy-two months, ending September 5, 2023.

This appeal is from an order entered after a second petition to revoke was filed on February 27, 2018. In the second petition, the State alleged that Smith had violated the conditions of his probation by failing to report to his probation officer as directed and by not remaining current on the payment of fines, fees, and costs.

The court held a hearing on July 9, 2018. Smith's probation officer testified that Smith had failed to meet with her as directed in September, November, twice in December, and not at all after the violation report was filed in January 2018, seven months before the hearing. Smith admitted on the stand that his probation officer was correct about his failure to meet with her, but he explained that he had been sick, had been busy with work, and had left two messages with his probation officer to reschedule, but she had not returned his

2

calls. He explained that he had not understood how his failure to report could affect him or that he could go to prison. He testified that he was a good person and did not deserve to go to jail. His aunt testified that she did not think Smith was able to "understand the seriousness of the matter."

The court found Smith had violated the terms and conditions of his probation by willfully failing to report, noting he had already been revoked for the same type of violation in 2017 and been given probation. The court entered an order revoking his probation on July 10, 2018, sentencing him to eight years in prison.[1]

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). We will not overturn a circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Leach v. State*, 2015 Ark. App. 17, at 4, 453 S.W.3d 690, 693. In the present case, Smith admitted the violations testified to by his probation officer.

From our review of the record and the brief presented to us, we hold that counsel has complied with *Anders* and Rule 4-3(k) and hold that there is no merit to an appeal. Accordingly, we affirm Smith's conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

---

[1]The order provides that the sentence runs concurrently with the eight-year term of imprisonment imposed the same day in *Smith v. State*, 2019 Ark. App. 400.

HARRISON and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.