Cite as 2019 Ark. App. 400

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR–18–897

| | | |
|---|---|---|
| DEMORCUS L. SMITH | | **Opinion Delivered:** September 25, 2019 |
| | APPELLANT | |
| | | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-17-95] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | | MOTION TO WITHDRAW DENIED; REBRIEFING IN MERIT FORMAT ORDERED |

**RITA W. GRUBER, Chief Judge**

This case has returned to us after rebriefing. It is a companion case to *Smith v. State*, 2019 Ark. App. 401 (case No. CR–18–925), also handed down today. In both cases, the Ashley County Circuit Court revoked Demorcus Smith's probation and sentenced him to eight years' imprisonment in orders entered on July 10, 2018, to run concurrently. The circuit court held one hearing for both cases. Here, the circuit court revoked Smith's probation on an underlying conviction entered on September 12, 2017, for failure to register as a sex offender.

Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), Smith's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would

support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days; appellant has not filed a statement.

Our supreme court has set forth two duties facing an appellate court in reviewing an *Anders* brief: (1) satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal; and (2) determine whether counsel has correctly concluded that the appeal is frivolous. *Sartin v. State*, 2010 Ark. 16, at 3, 362 S.W.3d 877, 879–80 (citing *Penson v. Ohio*, 488 U.S. 75, 83 (1988)). Following our review of the record in this case, we are not convinced that the appeal would be so wholly without merit that it satisfies these duties. Thus, we deny counsel's motion to withdraw and order rebriefing in merit format.

Counsel has briefed the only adverse ruling, sufficiency of the evidence. In the companion to this case, Smith pleaded guilty to the underlying charge of second-degree sexual assault and was placed on probation on December 9, 2014. On September 12, 2017, his probation was revoked in part for committing the offense of failure to register as a sex offender, and the court entered an order extending his probation for an additional seventy-two months in the companion case. On the same date, the circuit court also entered an order of conviction in the present case for failure to register as a sex offender and sentenced Smith to six years' probation. Although the conditions of probation were similar to the conditions of probation in the companion case, they were not identical.

On February 27, 2018, the State filed identical petitions to revoke Smith's probation in both cases, alleging that he had violated "rule #10 by failing to report as directed" and "#16 by failing to make payments as directed." The court then held a joint hearing and

revoked Smith's probation in both cases, finding that he had failed to report as directed. Although condition #10 in the companion case does require Smith to report as directed by his probation officer, there appears to be no requirement in the conditions of probation in this case for Smith to report to his probation officer. Condition #10 requires Smith to "pay a fine in the amount of $2,500 with payment made to the Sheriff's Office."

Courts have no power to imply conditions and subsequently revoke a defendant's probation on conditions that were not expressly communicated in writing to a defendant. *Ross v. State*, 268 Ark. 189, 191, 594 S.W.2d 852, 853 (1980); *O'Neal v. State*, 2010 Ark. App. 241; *Harris v. State*, 98 Ark. App. 264, 254 S.W.3d 789 (2007). And although the petition to revoke also alleged a violation for failure to pay fines, fees, and costs, no evidence was introduced to prove this nor did the court make a finding that Smith had violated this condition. The circuit court based its revocation of Smith's probation on his failure to report to his probation officer, which does not appear to be a written condition of his probation in this case.

Because we cannot say that an appeal in this case would be wholly frivolous, we direct counsel to file a brief in adversarial format discussing this and any other potential nonfrivolous arguments. The State will then have the opportunity to file a response brief. We express no opinion on whether any procedural bar or other evidentiary items may exist to defeat any assignment of error.

Motion to withdraw denied; rebriefing in merit format ordered.

HARRISON and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.

3