Cite as 2020 Ark. App. 46

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-18-897

| | |
|---|---|
| DEMORCUS L. SMITH | **Opinion Delivered:** January 29, 2020 |
| APPELLANT | |
| | APPEAL FROM THE ASHLEY |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 02CR-17-95] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | |
| | REVERSED |

## RITA W. GRUBER, Chief Judge

This case is before us for the third time. It began as a no-merit appeal, which required rebriefing. *Smith v. State*, 2019 Ark. App. 319. After the case returned to us, we denied counsel's motion to withdraw and again ordered that the case be rebriefed, this time in merit format. *Smith v. State*, 2019 Ark. App. 400. This merit appeal is from the circuit court's order revoking DeMorcus Smith's probation on an underlying conviction for failure to register as a sex offender and sentencing him to eight years' imprisonment. Smith argues that the evidence is insufficient to support the revocation. We agree and reverse the circuit court's order.

The circuit court may revoke probation when it finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the probation. *Vail v. State*, 2014 Ark. App. 407, at 2, 438 S.W.3d 286, 288. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions.

*Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004). We will not overturn a circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Leach v. State*, 2015 Ark. App. 17, at 5, 453 S.W.3d 690, 693.

In this case, following a negotiated plea of guilty, the circuit court entered an order on September 12, 2017, convicting Smith of failing to register as a sex offender and sentencing him to seventy-two months' probation. The following is a list of the conditions of Smith's probation:

THE DEFENDANT SHALL:

1. Not commit any felony, misdemeanor or other criminal offense punishable by confinement in jail or prison. You are to report any arrest to the 10th Judicial District Prosecuting Attorney's Office within 72 hours.

2. Not associate with any felon or those planning or committing crimes or those on Probation, Parole, or Suspended Sentences.

3. Remain gainfully employed, support your dependents and/or enrolled as a student. Make a good faith effort to obtain a diploma or G.E.D. if applicable.

4. Not purchase, own, possess, or control any deadly weapons or firearms.

5. Not possess, buy, consume, sell or distribute any alcoholic beverages, or controlled substances. Do not enter places where alcoholic beverages or controlled substances are used, sold, or permitted.

6. Submit to random drug or alcohol testing upon request of law enforcement.

7. You hereby waive extradition back to Arkansas from any jurisdiction in or outside the United States and will not contest any efforts to return you to Arkansas.

8. You may not leave the State of Arkansas without a written travel pass from your probation officer.

9. Promptly contact the Probation Intake Officer at Department of Community Punishment 613 W. 1st Street, Crossett, Arkansas 870-304-2507 to complete the required paperwork and to obtain reporting instructions and provide a DNA sample.

10. Pay a fine in the amount of $2,500 with payment to be made to the Sheriff's Office.

11. Pay $165 Court Costs, $250 DNA Fine and $20 Booking Fee to the Sheriff's Office.

12. The court has authorized you to make Installment Payments. You are ordered to pay a $10.00 Monthly Installment Fee to the Sheriff's Office for each month you that you have a fine and cost balance. THIS FEE SHALL BE COLLECTED IN FULL EACH MONTH IN WHICH YOU MAKE AN INSTALLMENT PAYMENT AND THIS FEE SHALL ACCRUE EACH MONTH THAT YOU DO NOT MAKE AN INSTALLMENT PAYMENT AND YOUR FINES AND COSTS HAVE NOT BEEN PAID IN FULL. Additionally, you will pay a $5.00 restitution fee per month. THIS FEE SHALL BE COLLECTED IN FULL EACH MONTH IN WHICH YOU MAKE AN INSTALLMENT PAYMENT AND THIS FEE SHALL ACCRUE EACH MONTH THAT YOU DO NOT MAKE AN INSTALLMENT PAYMENT AND YOUR FINES AND COSTS HAVE NOT BEEN PAID IN FULL. If you are required to make restitution payments as well as fines and cost payments this will result in a $15.00 per month fee.

13. You will make payments at a rate of $2500 on the date of the plea and $100.00 per month thereafter, which will include any fees required by above paragraph.

14. Additional conditions: Register as a sex offender and Probation fees of $35 per month.

On February 27, 2018, the State filed a petition to revoke Smith's probation alleging that he had violated "rule #10 by failing to report as directed" and "#16 by failing to make payments as directed." The State filed an identical petition to revoke Smith's probation in another case. *See Smith v. State*, 2019 Ark. App. 401. In that case, the conditions contained provisions 10 and 16 as alleged in the petitions to revoke. The hearings in the two cases were combined. *See Smith v. State*, 2019 Ark. App. 401; *Smith v. State*, 2019 Ark. App. 400. At the joint revocation hearing, the State introduced evidence that Smith had been directed

3

to report on various dates in September, October, November, and December 2017 and that he had failed to report on all but two of those dates. The court revoked Smith's probation in both cases, finding that Smith had failed to report as directed. No evidence was presented regarding Smith's failure to make payments as directed, and the court made no findings on this allegation.

On appeal, Smith contends that the court's finding is clearly erroneous because there is no requirement to report in his conditions of probation. He argues that the petition to revoke recites provisions that are not contained in his list of conditions.[1] While he admits that he was required in his conditions to make payments as directed, he argues that no evidence was presented to the court to prove a violation regarding these payments and that the court made no finding that he had violated these conditions.

The State argues that provision 9 of Smith's conditions (rather than 10 as alleged in the petition to revoke) requires Smith to do the same thing that 10 required—that is, to report to his probation officer. We disagree with the State's interpretation. Provision 9 required Smith to "contact the Probation Intake Officer at Department of Community Punishment," "complete the required paperwork," "obtain reporting instructions[,] and provide a DNA sample." No evidence was introduced to demonstrate that Smith failed to do any of these things. We presume that Smith complied at least in part with this provision since he reported once in October and once in November, but no evidence was introduced on the issue of written reporting instructions. Provision 9 does not specifically require Smith

[1]Again, the requirement to report pursuant to "rule #10" was contained in the condition for the companion revocation case. 2019 Ark. App. 401.

4

to report regularly to his probation officer, and we will not add language to make it do so. Courts have no power to imply conditions and subsequently revoke a defendant's probation on conditions that were not expressly communicated in writing to a defendant. *Ross v. State*, 268 Ark. 189, 191, 594 S.W.2d 852, 853 (1980); *O'Neal v. State*, 2010 Ark. App. 241; *Harris v. State*, 98 Ark. App. 264, 254 S.W.3d 789 (2007). In order to revoke a defendant's probation, the circuit court must find that the defendant violated a written condition. Here, the circuit court based its revocation of Smith's probation on his failure to report to his probation officer, which was not a violation of the written conditions of his probation in this case.

Accordingly, we reverse.

ABRAMSON and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.