Cite as 2020 Ark. App. 322

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–19–960

| | |
|---|---|
| TROY C. SANDIDGE, JR.<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered:** June 3, 2020<br><br>APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[NO. 75NCR-16-1]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE; REBRIEFING ORDERED |

## RITA W. GRUBER, Chief Judge

The Yell County Circuit Court revoked Troy Sandidge's probation and sentenced him to eight years' imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California,* 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We hold that counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k). Accordingly, we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4–3(k) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for abstracting and briefing every adverse ruling ensures that the due process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8, at 2. Pursuant to *Anders*, we are required to determine, after a full examination of all the proceedings, whether the case is wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Riley v. State*, 2019 Ark. 252, at 2.

Our review of this record demonstrates that counsel failed to address at least one adverse ruling. Counsel adequately addressed the sufficiency of the evidence to support the circuit court's decision to revoke appellant's probation. Counsel did not, however, address the circuit court's denial of appellant's request for reinstatement of his probation. *See Pettigrew v. State*, 2019 Ark. App. 336. Appellant testified that he was specifically asking the court to reinstate his probation, stating that he would "never mess up again." He explained that he was working and getting his life "right." The court denied his request and sentenced him to eight years' imprisonment. Counsel failed to explain why this would not be a meritorious ground for reversal on appeal.

The deficiencies we have noted should not be considered an exhaustive list, and counsel is strongly encouraged to review *Anders* and Rule 4–3(k) of the Arkansas Rules of

the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will be given an opportunity to file a responsive brief if pro se points are made.

Motion to withdraw denied without prejudice; rebriefing ordered.

MURPHY and BROWN, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.