Cite as 2020 Ark. App. 504

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–19–960

| | |
|---|---|
| TROY CRAIG SANDIDGE, JR. | **Opinion Delivered:** November 4, 2020 |
| APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 75NCR-16-1] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE JERRY RAMEY, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RITA W. GRUBER, Chief Judge**

This no-merit appeal returns to us after we ordered rebriefing in *Sandidge v. State*, 2020 Ark. App. 322. The Yell County Circuit Court revoked Troy Sandidge's probation and sentenced him to eight years' imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has again filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Appellant was notified of his right to file pro se points for reversal, but he has not filed any such points. The briefing deficiencies have been corrected by counsel, and we affirm the revocation and grant counsel's motion to withdraw.

Appellant pleaded guilty to the underlying charge of delivery of methamphetamine, and an order was entered on that plea on April 28, 2016, placing him on probation for a

period of sixty months. On February 28, 2019, the State filed a petition to revoke appellant's probation, alleging that he had violated the conditions thereof by failing to report for scheduled office visits; changing his address without permission; and failing to pay court–ordered fines, costs, and fees.

At a revocation hearing held on September 12, 2019, Caitlyn Avant, appellant's probation officer, testified that appellant failed to report as directed on August 20 and 28, 2018; December 28, 2018; and February 4 and 15, 2019. She said that officers visited his known address and left reporting instructions for him, but he still failed to report. She also testified that he had made no payments on his fines or court costs and was not current on his supervision fees. Appellant admitted on the stand that his probation officer was correct about his failure to meet with her, but he explained that he "thought" he was incarcerated for one of the February dates and, regarding the August dates, that he owed child support and did not want officers to conduct a body attachment for his failure to pay. He testified that he knew he had violated his probation when he failed to report. The court found he had violated the terms and conditions of his probation by failing to report, failing to pay his fines, and making only sporadic payments on his supervision fees. The court noted that he was employed and had made no reasonable excuse for failing to pay.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Richardson v. State*,

2

85 Ark. App. 347, 157 S.W.3d 536 (2004). We will not overturn a circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Leach v. State*, 2015 Ark. App. 17, at 5, 453 S.W.3d 690, 693. In the present case, appellant admitted the violations testified to by his probation officer. Counsel is correct that there can be no issue of arguable merit regarding whether appellant committed at least one violation of his probation.

Counsel also adequately briefed the court's denial of appellant's request for reinstatement of probation, and we agree there is no issue of arguable merit for an appeal. Appellant testified that he had been working for a year and a half and could pay on his fees that day if the court could reinstate his probation. He promised if given a second chance he would "never mess up again." Appellant had failed to report to probation or pay fines; the court said it had "to look at past actions" in making its decision. If a court revokes a defendant's probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2019). Further, the circuit court has discretion to set punishment within the statutory range of punishment provided for a particular crime, and if the sentence is within the limits set by the legislature, we are not at liberty to reduce it. *Clark v. State*, 2019 Ark. App. 362, at 7, 584 S.W.3d 680, 684; *Whitmore v. State*, 2018 Ark. App. 44, at 5, 539 S.W.3d 596, 599.

From our review of the record and the brief presented to us, we hold that counsel has complied with Rule 4-3(k) and hold that there is no merit to an appeal. Accordingly, we affirm appellant's conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.