Cite as 2021 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-402

| | | |
|---|---|---|
| | | **Opinion Delivered:** January 13, 2021 |
| TYRONE OWENS | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-589] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE KIRK JOHNSON, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

The Miller County Circuit Court revoked appellant Tyrone Owens's probation and sentenced him to fifteen years' imprisonment to be followed by a five-year period of suspended imposition of sentence. Owens's counsel filed a motion to withdraw from representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), asserting that there is no issue of arguable merit to an appeal. Counsel's brief contains an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1).  The clerk of this court served Owens with a copy of his counsel's brief and notified him of his right to file pro se points for reversal. Owens has

not filed any points. We affirm the order revoking Owens's probation and grant counsel's motion to withdraw.

## I. *Background*

In September 2018, Owens was charged with aggravated robbery. On August 20, 2019, Owens pleaded guilty to a lesser charge of robbery and was placed on probation for a term of ten years and ordered to pay a fine, court costs, and various fees, including a supervision fee. On December 12, 2019, the State filed a petition to revoke Owens's probation alleging that he had violated the terms and conditions of his probation by committing new offenses, failing to abstain from alcohol or drugs, failing to report, failing to pay court-ordered financial obligations, and failing to pay supervision fees. A hearing was held on April 21, 2020. The State presented testimony from three witnesses: Charnell Houff, Owens's probation officer; Bethany Fredrickson, "felony clerk" for the circuit court; and Detective Shane Kirkland with the Texarkana Arkansas Police Department.

Houff was asked about new offenses that Owens had allegedly committed, which drew an objection from defense counsel and a request for a continuance "to protect [Owens's] rights" as to the new offenses. The trial court permitted Houff's testimony that Owens had been arrested for felony fleeing in November 2019 and that he had an outstanding warrant for aggravated robbery. Houff further stated that Owens had tested positive for amphetamines and marijuana. She also said that, after Owens reported for intake in August 2019, he did not report as directed in September through November. According to Houff, Owens had been ordered to pay $35 a month in supervision fees, but he had not

made any payments. Fredrickson testified that Owens had likewise failed to make any payments toward his other financial obligations to the court.

The State presented testimony from Detective Kirkland regarding the new offenses with which Owens had been charged. During Detective Kirkland's testimony, he referred to information that he had obtained from third parties, including other officers, the victim, and a codefendant. Several objections were raised to Detective Kirkland's testimony and to exhibits concerning the other charges that had been filed on the basis that such evidence violated the Confrontation Clause.

Owens did not testify or offer any evidence in his defense. During closing argument, counsel for Owens asked that the trial court not make a decision on the new offenses and asked for "lower sentencing" given that the other alleged violations were only "technical violations." Following the hearing, the trial court found that Owens had violated the terms and conditions of his probation, but the trial court stated that it would allow both parties to submit case law regarding the Confrontation Clause objections and specifically withheld any ruling with respect to the new offenses. In sentencing Owens to fifteen years' imprisonment with an additional five-year suspended sentence, the trial court essentially declined the request for a reduced sentence.

The trial court subsequently entered findings of fact, later amended, in which the trial court found that Owens had violated the terms and conditions of his probation by testing positive for marijuana and amphetamines, failing to report to his supervising officer, failing to pay his financial obligations to the court without a reasonable excuse, and failing to pay supervision fees without a reasonable excuse. The trial court ruled that Detective

3

Kirkland's testimony regarding new offenses was "not appropriate" under the Confrontation Clause and specifically stated that his testimony was not considered and was not a basis for the revocation of Owens's probation.

## II. *Discussion*

The first adverse ruling addressed is the revocation itself. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the trial court's decision will not be reversed unless it is clearly against a preponderance of the evidence. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. The appellate court defers to the trial court's superior position in evaluating the credibility and weight to be given testimony. *Id.* The State bears the burden of proof but need only prove that the appellant committed one violation of the conditions. *Turner v. State*, 2015 Ark. App. 379.

The fact that Owens failed to report to his probation officer is a sufficient basis standing alone on which to revoke his probation; however, other violations were proved. Houff testified that Owens tested positive for controlled substances. Also, there was evidence that Owens failed to pay his fine, court costs, and fees, including supervision fees. Owens offered no reasonable excuse for his failure to pay those obligations.

Counsel addressed other adverse rulings during the hearing. Although the trial court denied Owens's motion for a continuance regarding new offenses, the trial court scheduled a separate proceeding to deal with those new offenses at the conclusion of the revocation hearing; therefore, this was not ultimately an adverse ruling.

There were multiple Confrontation Clause objections during Detective Kirkland's testimony regarding the new offenses. The Sixth Amendment right to confront witnesses

generally applies to revocation hearings. *Caswell v. State*, 63 Ark. App. 59, 973 S.W.2d 832 (1998). The trial court initially overruled the objections and permitted the testimony and introduction of the exhibits; however, the trial court later disregarded Detective Kirkland's testimony and stated that the revocation of Owens's probation was not based on any of the new offenses. This was no longer an adverse ruling given the trial court's reconsideration and reversal of its earlier ruling and its express ruling in Owens's favor.

Regarding Owens's request for "lower sentencing," any sentence authorized for the original crime may legally be imposed upon revocation. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2019). Robbery is a Class B felony with a range between five and twenty years. Ark. Code Ann. §§ 5-12-102 and 5-4-401(a)(3) (Repl. 2013). A sentence of fifteen years with an additional five years suspended is within the statutory range. Giving Owens the maximum was within the trial court's considerable discretion, so there could be no meritorious issue for appeal with respect to sentencing. *Clark v. State*, 2019 Ark. App. 362.

### III. *Conclusion*

Having examined the entire record, we hold that counsel has complied with *Anders* and Rule 4–3(k) and that there is no merit to an appeal.

Affirmed; motion to withdraw granted.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.