Cite as 2021 Ark. App. 12

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–20–110

| | |
|---|---|
| MARK EDWARD WAGNER | **Opinion Delivered:** January 13, 2021 |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72CR-16-1733; 72CR-16-1916; 72CR-17-2957; 72CR-17-3578; 72CR-17-3638; 72CR-19-1804] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE JOANNA TAYLOR, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RITA W. GRUBER, Judge

The Washington County Circuit Court revoked appellant Mark Edward Wagner's probation in multiple cases. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. Appellant was sent a copy of his counsel's brief and motion by mail notifying him of his right to present pro se points for reversal, but he has not filed any such points. We affirm the revocation and grant counsel's motion to withdraw.

On December 12, 2016, appellant entered negotiated guilty pleas for second-degree forgery, a Class C felony, in case No. 72CR-16-1733 and for failure to appear, a Class C felony, in case No. 72CR-16-1916. The December 15 sentencing order provides that

appellant was sentenced to forty-eight months' probation in each case to be served concurrently. He was ordered to pay fines, fees, costs, and restitution and to comply with the conditions of his probation. The conditions of his probation included, in part, that he report to his supervising officer as directed; remain within the State of Arkansas unless granted permission to leave by a supervising officer; notify a supervising officer of change in address; pay monthly supervision fees as well as fines, fees and costs; and pay restitution as directed.

On September 26, 2018, appellant entered the following negotiated guilty pleas: second-degree forgery, a Class C felony, and theft by receiving, a Class A misdemeanor, in case No. 72CR-17-2957; two counts of second-degree forgery, a Class C felony, and two counts of theft by receiving, a Class A misdemeanor, in No. 72CR-17-3578; and second-degree forgery, a Class C felony, in case No. 72CR-17-3638. He was sentenced to serve sixty months' probation for the forgery charges and twelve months' probation for the theft-by-receiving charges, along with forty-five days' confinement with forty-five days of jail credit given. Each of these sentences was to run concurrently. Appellant was ordered to pay fines, fees, and costs as well as to comply with the conditions of his probation, which included that he report to his supervising officer as directed; obtain prior approval from the supervising officer before changing his place of residence or leaving Arkansas; obey all state and federal laws; and pay all court-ordered fines, fees, and restitution.

On January 17, 2019, the State filed a petition to revoke in all five cases alleging that appellant had violated the terms and conditions of his probation by failing to report to his probation officer in Texas, moving without notifying his probation officer, and being in

arrears of court-ordered obligations. After appearing in court and pleading not guilty to the revocation petition, appellant was ordered to appear for trial on July 2 but failed to do so. An arrest warrant was issued for his failure to appear. On November 7, the day of the revocation hearing, the State filed an amended petition, adding that appellant was in violation of the conditions of his probation by committing the felony offense of failure to appear.

Appellant's probation officer, Catherine Miller, testified at the revocation hearing that appellant appeared at the intake on September 27, 2018, where he asked for his probation to be transferred to Texas. He provided an address and phone number of the Salvation Army in Tyler, Texas, where he would be staying. When Miller received the written denial of his request, she attempted to contact him at the phone number he provided but was unable to reach him. Miller said that appellant never called her or reported to her after the initial intake. She submitted a violation report on January 11, 2019, an alias arrest warrant was issued, and appellant was arrested on April 13 for the violation. Miller stated that appellant was released on April 19 but did not report to her as required by the terms of his probation. According to the records introduced, Miller stated that at the arraignment proceedings, appellant was ordered to appear on July 2 but failed to appear on that date and was arrested on July 31. Both times appellant was arrested, he had to be picked up from Texas.

Miller also testified that as part of the conditions of his probation, appellant was required to pay fines, fees, and costs in each of the cases as well as victim restitution in case Nos. 72CR–16–1916 and 72CR–16–1733. She said that appellant had made no payments.

Appellant admitted that he had failed to report; had not paid any money towards his costs, fines, fees, or restitution; had failed to appear and was arrested; but was able to make the $7500 bond after being arrested for failure to appear, and he returned to Texas after his release.

After hearing arguments from counsel, the court found that appellant had inexcusably failed to comply with the conditions of his probation by failing to report; failing to pay any fines, costs, fees, or restitution in case Nos. 72CR–16–1733 and 72CR–16–1916; failing to pay fines, fees, or costs in case Nos. 72CR–17–3638, 72CR–17–2957, or 72CR–17–3578; and failing to appear on July 2. The court found by a preponderance of the evidence that appellant had inexcusably failed to comply with reporting requirements and failed to comply with the payment of fines, costs, fees, and restitution. The court further found that appellant had the means and ability to comply with the probation requirements. The court sentenced him to ten years' imprisonment for second-degree forgery in case No. 72CR–16–1733 and ten years' imprisonment for failure to appear in case No. 72CR–16–1916, with the sentences to run concurrently. He was sentenced to ten years' imprisonment for the second-degree forgery charge in case No. 72CR–17–2957, with the sentence to run consecutive to the sentences in case Nos. 72CR–16–1733 and 72CR–16–1916. Appellant was also sentenced to ten years' imprisonment for the second-degree forgery charges in case Nos. 72CR–17–3578 and 72CR–17–3638 and twelve months' confinement in the county jail for both of the theft-by-receiving charges in case Nos. 72CR–17–3578 and 72CR–17–2957, with the sentences to run concurrently to the sentence in case No. 72CR–17–2957. The sentencing

4

order was entered on November 8, and a timely notice of appeal was filed on November 22.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. Counsel's brief addresses the only adverse ruling, which was the decision to revoke appellant's probation, arguing that evidence supported the circuit court's decision to revoke his probation. We agree.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Leach v. State*, 2015 Ark. App. 17, at 4, 453 S.W.3d 690, 693. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Id*. We will not overturn a circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Id*. Here, appellant admitted the violations testified to by his probation officer. Counsel is correct that there can be no issue of arguable merit regarding whether appellant committed at least one violation of his probation.

The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *Cloninger v. State*, 2018 Ark. App. 373. From our review of the record and the brief presented to us, we hold that counsel has complied with Rule 4–3(k), and there is no merit to an appeal. Accordingly, we affirm appellant's convictions and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and HIXSON, JJ., agree.

*Eric Moore*, for appellant.

One brief only.