Cite as 2021 Ark. App. 225

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-19-923

| | |
|---|---|
| WILLIAM STERLING COOK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 5, 2021<br><br>APPEAL FROM THE POINSETT<br>COUNTY CIRCUIT COURT<br>[NO. 56CR-17-309]<br><br>HONORABLE PAMELA<br>HONEYCUTT, JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

This no-merit appeal stems from the Poinsett County Circuit Court's revocation of

appellant William Cook's probation. Pursuant to *Anders v. California*,[1] and Arkansas

Supreme Court Rule 4–3(k), appellant's counsel has filed a motion to withdraw and a no-

merit brief stating there are no meritorious grounds to support an appeal. We previously

ordered rebriefing in this matter due to counsel's failure to address an adverse ruling on

appellant's request for a lesser sentence.[2] The deficiency has now been cured. The clerk of

this court mailed a certified copy of counsel's motion and brief to appellant, informing him

of his right to file pro se points for reversal; he has declined to do so. From our review of

the record and the substituted brief presented, we find that counsel's brief is in compliance

---

[1]386 U.S. 738 (1967).

[2]*See Cook v. State*, 2021 Ark. App. 18.

with the directives of *Anders* and Rule 4–3(k)(1) and that there are no issues of arguable merit to support an appeal. Accordingly, we affirm the revocation of appellant's probation and grant counsel's motion to withdraw.

On March 18, 2019, appellant pleaded guilty to third-degree domestic battery. He was sentenced to twenty-four months' probation subject to certain terms and conditions that were set out in writing and signed by appellant. Shortly thereafter, on April 15, 2019, the State filed a petition to revoke, alleging appellant had violated the conditions of his probation by failing to report and failing to pay his financial obligations. On August 29, 2019, the State filed an amended revocation petition alleging an additional probation violation—appellant was charged with second-degree assault on a family or household member—after a domestic-disturbance incident with his girlfriend. Following the September 5, 2019 revocation hearing, the circuit court revoked appellant's probation and sentenced him to a term of five years' incarceration. This appeal followed.

In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal.[3] The test is not whether there is any reversible error but whether an appeal would be wholly frivolous.[4] Counsel's brief must contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.[5] Here counsel's brief addresses

---

[3]*Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92.

[4]*Id.*

[5]*Id.*

two adverse rulings: the decision to revoke appellant's probation and appellant's request for a lesser sentence. Counsel asserts that these are the only two rulings adverse to appellant, neither of which provides meritorious grounds for appeal. We agree.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation.[6] The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions.[7] We will not reverse a circuit court's revocation decision unless it is clearly against the preponderance of the evidence.[8] Here, the circuit court found that appellant failed to report to his probation officer. Gary Swift, appellant's probation officer, testified that appellant was ordered to report to him upon release from rehab, but appellant failed to do so. Appellant did not testify or offer any witnesses or otherwise offer a reasonable excuse for his failure to report. Standing alone, failure to report is a sufficient basis to revoke probation.[9] Additionally, there was evidence that appellant failed to pay his court-ordered financial obligations and was charged with second-degree assault on a family or household member, both of which also violate the conditions of his probation.

Regarding appellant's request for a "lesser sentence," any sentence authorized for the original crime may be legally imposed upon revocation.[10] Third-degree domestic battery

---

[6]*Leach v. State*, 2015 Ark. App. 17, 453 S.W.3d 690.

[7]*Id.*

[8]*Id.*

[9]*See Owens v. State*, 2021 Ark. App. 5, 615 S.W.3d 749.

[10]*See* Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2019).

against a pregnant woman is a Class D felony.[11]  The maximum sentence for a Class D felony shall not exceed six years.[12]  Upon revocation, the circuit court sentenced appellant to a term of five years' incarceration, which does not exceed the statutory maximum. Therefore, with respect to appellant's request for a lesser sentence, there could be no meritorious ground for appeal.

Having examined the entire record, we hold that counsel has complied with *Anders* and Rule 4–3(k) and that there is no merit to an appeal.

Affirmed; motion to withdraw granted.

VIRDEN and MURPHY, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

One brief only.

---

[11]Ark. Code Ann. § 5-26-305(b)(2) (Supp. 2019).

[12]Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013).