Cite as 2022 Ark. App. 9

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–21–241

| | | |
|---|---|---|
| JASON INMAN | | **Opinion Delivered** January 12, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT |
| V. | | [NO. 36CR-19-440] |
| STATE OF ARKANSAS | | HONORABLE JAMES DUNHAM, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**STEPHANIE POTTER BARRETT, Judge**

This is a no-merit appeal filed on behalf of Jason Inman following the Johnson County Circuit Court's revocation of his probation and sentence of sixty months' imprisonment with an additional twelve months' suspended imposition of sentence. Inman was convicted of possession of drug paraphernalia, a Class D felony, by a negotiated plea of guilty on April 3, 2020, and placed on forty-eight months of supervised probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3 (k)(1) of the Arkansas Rules of the Supreme Court, Inman's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The motion was accompanied by a no-merit brief that addressed the adverse rulings to Inman with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court provided Inman with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for

reversal; Inman has filed no points. We affirm the revocation of Inman's probation and grant counsel's motion to withdraw.

The State filed an amended petition for revocation of probation on November 3, 2020, alleging that Inman had violated the following terms and conditions of his probation: (1) failure to lead a law-abiding life by committing the criminal offenses of furnishing prohibited articles, possession of drug paraphernalia, and disorderly conduct in Johnson County on or about August 24, 2020; (2) failure to report to his probation officer; (3) failure to pay his financial obligations; (4) failure to lead a law-abiding life by committing the criminal offense of possession of a controlled substance in Conway County on or about August 9, 2020; and (5) failure to attend a thirty-day inpatient drug-treatment rehabilitation program.

The circuit court held a revocation hearing on March 11, 2021. Sarah Hight, former probation and parole officer, testified that she was Inman's probation officer in July 2020. Hight's only contact with Inman occurred over one telephone visit in which she said they discussed the terms of his probation, and she told him that he was behind on paying his court-ordered fines. Inman was to report on July 23, but he failed to show. Inman had also not attended any drug-treatment program. Hight also testified that Inman was arrested two times while on probation, failed to report after his arrest, and owed $150 in supervision fees.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings,

2

we are required to determine whether an appeal would be wholly frivolous. *McKinney v. State*, 2020 Ark. App. 473, 612 S.W.3d 172. Counsel identifies three adverse rulings—two objections adverse to Inman and the denial of his counsel's request to reinstate probation in lieu of sentencing him to the ADC—in addition to the revocation decision. He has addressed each adverse ruling, arguing that none have merit and that evidence supported the circuit court's decision to revoke appellant's probation. We agree.

We first address whether the evidence was sufficient to support the revocation. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her probation. *Green v. State*, 2010 Ark. App. 174, at 4. The State bears the burden of proof but need only prove that defendant committed one violation of his or her conditions. *Cook v.* State, 2021 Ark. App. 225. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357. Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation. *Id.* Determining whether a preponderance of the evidence exists turns on the questions of credibility and weight to be given the testimony. *Id.*

Here, the circuit court found that Inman failed to report to his probation officer. Sarah Hight, Inman's probation officer, testified that Inman was to report on July 23, but he failed to do so. Appellant admitted in his testimony that he "stopped calling" his probation officer. Standing alone, Inman's failure to report is a sufficient basis to revoke probation. *Owens v. State*, 2021 Ark. App. 5, 615 S.W.3d 749. Additionally, there was evidence, including Inman's own testimony, that he failed to pay his court-ordered financial

obligations, was arrested multiple times, and failed to attend the court-ordered thirty-day inpatient drug-treatment program, all of which also violate the conditions of his probation. We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

Counsel addresses three adverse rulings in his brief. Counsel objected to the State's question to its witness, Steven Warren, regarding his recollection of how the police were called on September 27, arguing that the witness would be testifying to something that was not alleged in the petition for revocation. The State responded that this testimony was related to the allegation in the State's amended petition for revocation that Inman failed to lead a law-abiding life. The circuit court overruled the objection, stating that it was allowed to come into evidence but not as an alleged basis for the revocation. First, the rules of evidence do not apply in revocation proceedings. *McKinney*, 2020 Ark. App. 473, 612 S.W.3d 172. Assuming the rules of evidence did apply; circuit courts have broad discretion in deciding evidentiary issues, and their decisions are not reversed absent an abuse of discretion. *Leach v. State*, 2012 Ark. 179, 402 S.W.3d 517. Here, the circuit court did not abuse its discretion by allowing Steven Warren to testify about why the police were called on September 27. Warren had direct contact with Inman on September 27, and his testimony was relevant to explain how Inman was not leading a law-abiding life. Further, any error in the admission of this evidence would be harmless because this testimony supported only one of the many violations proved in this case. The other violations did not involve this testimony, and only one violation is necessary to support revocation.

4

The second ruling addressed by Inman's counsel involved his objection to the admission of exhibit 4, a photograph of Inman. After Steven Warren testified that he saw Inman in the abandoned house next door, the State showed him a photograph and asked him whether he recognized the person in the photograph. Mr. Warren confirmed that the person in the picture was the person he saw in the abandoned house on September 27. The State moved to admit this photograph as an exhibit. Counsel for Inman objected to the way the photograph was presented. However, when asked by the circuit court whether counsel would object if the photograph was offered as a photo of the person whom the witness saw on that day, Inman's counsel stated that he did not have an objection. Again, although the rules of evidence are not applicable in revocation cases, there would be no merit in an appeal of this evidentiary ruling even if the rules were to apply. Here, the circuit court did not abuse its discretion in permitting Mr. Warren to opine as to whether Inman resembled the man in the photograph. It was nothing more than his lay opinion rationally based on his perception, and it could be possibly helpful to the determination of a factual issue—whether Inman had violated his probation by failing to lead a law-abiding life. Ark. R. Evid. 701. Also, the photograph was admitted into evidence without objection; thus, the circuit court would have considered the photograph to determine whether it was Inman. Therefore, we hold that the circuit court did not abuse its discretion in allowing the admission of the photograph, and there is no basis for a meritorious appeal on this issue.

The third and final adverse ruling addressed by Inman's counsel was the circuit court's sentencing of Inman. At the conclusion of the revocation hearing, Inman's counsel recommended that Inman's probation be reinstated with an additional 120 days in jail and

an order to attend inpatient drug treatment immediately upon release. Possession of drug paraphernalia is a Class D felony. Ark. Code Ann. § 5-64-443(a)(2) (Supp. 2021). The maximum sentence for a Class D felony shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). Upon revocation, the circuit court sentenced Inman to a term of six years' incarceration, which does not exceed the statutory maximum. Therefore, with respect to Inman's request for a lesser sentence, there could be no meritorious ground for appeal.

From our review of the record and the brief presented, we hold that counsel has complied with the requirements of *Anders* and Rule 4-3(b)(1) and that there is no merit to an appeal.

Affirmed; motion to withdraw granted.

GRUBER and MURPHY, JJ., agree.

*Samuel F. Eastman*, for appellant.

One brief only.