Cite as 2025 Ark. App. 13

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-55

| | |
|---|---|
| LYNN EUGENE YOUNG | Opinion Delivered January 15, 2025 |
| APPELLANT | APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33CR-19-113] |
| V. | |
| STATE OF ARKANSAS | HONORABLE TIM WEAVER, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Lynn Eugene Young appeals the Izard County Circuit Court's sentencing order revoking his probation and sentencing him to eight years in the Arkansas Division of Correction. Pursuant to Arkansas Supreme Court Rule 4-3(b) (2023) and *Anders v. California*, 386 U.S. 738 (1967), Young's counsel filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court notified Young of his right to file pro se points, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

On April 7, 2021, Young was sentenced to sixty months' probation for possession of methamphetamine or cocaine in violation of Arkansas Code Annotated section 5-64-419(b)(1)(B) (Supp. 2023), a Class C Felony. On the same day, Young received and signed

the "Conditions of Suspended Sentence or Probation" form. The conditions of probation set forth that Young was not to possess any controlled substance; report as directed to his probation officer; and comply with drug-treatment programs in the discretion of his supervising officer.

On July 19, 2023, the State filed a petition to revoke Young's probation based on the allegations that he had violated his conditions of probation by possessing and using controlled substances, failing to report to his supervising officer as required, and evading his supervising officer. An arrest warrant was issued on the same date. Young was arrested on August 24, 2023, and was released from custody on posting a $75,000 bond on September 28. On October 4, a pickup order was issued alleging that he tested positive for methamphetamine after being released on bond. Young's bond was revoked, and he was placed in jail pending a hearing. Prior to the hearing, Young filed motions to suppress any statements he made to officers or property seized pursuant to search warrant and a motion for discovery. These motions were never presented to the circuit court.

On November 1, 2023, the circuit court held a hearing on the petition to revoke his probation. The circuit court took judicial notice of the conditions of probation. Officer Gould testified that he was Young's probation officer and that under condition three of his conditions of probation, Young was to refrain from using controlled substances. Officer Gould then testified that Young had failed three drug tests and tested positive for amphetamines or methamphetamine on November 7, 17, and 30, 2022. Officer Gould also testified that Young failed to report on November 16 and December 21, 22, and 28. At that

2

point, Young blurted out, "I did it all. I did everything he said. I'm not going to lie. I did it."

Officer Cody Bruyette testified that he is a probation and parole officer. He stated Young is under his supervision and that Young was not in compliance with his conditions of probation because he had absconded for approximately six months. Officer Bruyette testified that Young also admitted to him he had used methamphetamine while released on bond.

After the State rested, the defense also rested without calling any witnesses. The circuit court made oral findings that by a preponderance of the evidence, the State had proved Young had violated the conditions of probation. In its ruling, the circuit court found Young had used a controlled substance while on probation and had failed to report as directed to his supervising officer. The circuit court also found there was credible testimony that Young evaded contact with his probation officer.

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. The test is not whether there is any reversible error but whether an appeal would be wholly frivolous. *Id.* Young's counsel explained in his brief that there were no adverse rulings against Young in his trial to be addressed. However, counsel did address the sufficiency of the evidence and his request for leniency in conjunction with the sentence being within the range of punishment set by statute.

Here, the circuit court found Young had violated the conditions of his probation by using controlled substances and failing to report to his supervising officer as required. The circuit court considered Young's spontaneous admission that he had used controlled substances while on probation and failed to report as directed, as well as Officer Gould's testimony on this point. Young also admitted to Officer Cody Bruyette that he used methamphetamine while on bond for his revocation petition. Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Leach v. State*, 2015 Ark. App. 17, 453 S.W.3d 690. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Id.* We will not reverse a circuit court's revocation decision unless it is clearly against the preponderance of the evidence. *Id.* A preponderance of the evidence supports the circuit court's finding that Young violated the conditions of his probation by using a controlled substance and failing to report as ordered to his supervising

4

officer. Either of these findings is sufficient to support a finding that he had violated the terms and conditions of his probation.

Counsel also pointed out in his no merit brief that Young had made a plea for leniency by asking the court to extend his probation or place him in a drug-rehabilitation program. The underlying conviction was for possession of methamphetamine or cocaine, a Class C felony. The maximum sentence for a Class C felony shall not exceed ten years. Upon revocation, the circuit court sentenced Young to eight years' incarceration. The sentence did not exceed the statutory maximum for a Class C felony, and the circuit court was within its authority and discretion to impose the sentence. While the court did not expressly reject his plea for leniency, the court did not rule on his request, and Young failed to obtain a ruling by the circuit court. To preserve a point for appellate review, a party must obtain a ruling from the circuit court. *Wells v. State*, 2012 Ark. App. 596, 424 S.W.3d 378 (citing *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214). The burden of obtaining a ruling on an objection or motion is upon the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *Id.* *Baker v. State*, 2016 Ark. App. 409. Consequently, Young's request for leniency regarding sentencing provides no meritorious ground for reversal.

We find that counsel has complied with the requirements of *Anders* and Rule 4-3 and hold that any appeal would be wholly without merit and frivolous. Accordingly, we grant counsel's motion to withdraw and affirm the revocation of Young's probation.

Affirmed; motion to withdraw granted.

5

HIXSON and BROWN, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

One brief only.