2009 Ark. App. 529

**Dennis Eric MORGAN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1121.**

Court of Appeals of Arkansas.

July 1, 2009.

Gary W. Potts, Monticello, for appellant.

No response.

RITA W. GRUBER, Judge.

In January 2005, appellant Dennis Eric Morgan pleaded guilty to two counts of forgery in the second degree, for which he was sentenced to three years' probation. The State filed a petition to revoke in January 2008, alleging that appellant violated the terms of his probation by committing a felony, associating with known felons, failing to report a change of residence, and failing to pay restitution and fines as ordered. After a hearing, the trial court granted the petition to revoke and sentenced appellant to six years' imprisonment.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. Rule 4–3(k)(1) requires this motion to be accompanied by a brief which contains an argument section that lists all rulings adverse to the appellant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. We order rebriefing because counsel has not fulfilled his obligations under the rule.

Counsel for appellant stated that there were no adverse rulings by the court on which to base an appeal and, consequently, he did not list or explain any of the court's rulings. While we agree that appellant neither made any objections upon which to base an appeal nor challenged the sufficiency of the evidence, counsel must address the sufficiency of the evidence in an appeal from a revocation. The requirements of Ark. R.Crim. P. 33.1, that a defendant must move for a dismissal to preserve the issue of sufficiency of the evidence, do not apply to revocation hearings. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). Thus, counsel was required to address sufficiency as an adverse ruling. Therefore, we order counsel to file a substituted brief that complies with the rule within thirty days from the date of this opinion. When the brief is filed, the motion and brief will be forwarded by the Clerk to appellant so that he may raise within thirty days any points he chooses in accordance with Ark. Sup.Ct. R. 4–3(k)(2).

Rebriefing ordered.

ROBBINS and BROWN, JJ., agree.