

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR–16–672

| | |
|---|---|
| ARTHUR VERN MACLEOD III<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 21, 2017<br><br>APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT<br>[NO. 36CR–15–71]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

Arthur Vern Macleod III appeals from the revocation of his probation and related sentence of five years' imprisonment and five years' suspended imposition of sentence. Macleod's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k)(1) (2016), along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Our court's clerk mailed a certified copy of counsel's motion and brief to Macleod pursuant to Ark. Sup. Ct. R. 4–3(k)(2), informing him of his right to file pro se points for reversal. Macleod has not done so, and the State has not filed a brief. We grant the motion to withdraw and affirm.

In 2015, Macleod pled guilty to two counts of sexual assault in the second degree and was sentenced to 120 months' probation. He certified that he had read and understood his probation's terms. The State filed the operative paper in this case, its second amended petition for revocation, in April 2016. The State argues that Macleod violated his probation's terms by failing to register as a sex offender, testing positive for amphetamines,

SLIP OPINION

failing to report, testing positive for alcohol, and failing to pay fines and fees that he owed. After a hearing in May 2016, the court found that Macleod had violated the conditions of his probation. The court sentenced him to five years in the Arkansas Department of Correction and five years' imposition of suspended sentence on each count of sexual assault.

The test for filing a no-merit brief is not whether there is any reversible error, but whether an appeal would be wholly frivolous. *Tucker v. State*, 47 Ark. App. 96, 885 S.W.2d 904 (1994). Here, counsel has adequately explained why an appeal would be wholly frivolous. Macleod's probation conditions prohibited him from using alcohol and required him to register and report as a sex offender. The State produced witnesses who testified that Macleod had failed to register as a sex offender in a timely manner, that he had failed to appear for two scheduled risk assessments, and that he had tested positive for alcohol while on probation. The circuit court expressly ruled that it did not credit Macleod's testimony about being confused and making an honest mistake. Only one inexcusable violation is necessary to revoke a defendant's probation. *Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6. There were no adverse rulings apart from the court's revocation of Macleod's probation.

Based on our review of the record for potential error pursuant to *Anders* and Rule 4-3(k), we hold that Macleod's appeal is wholly without merit. We therefore grant counsel's motion to withdraw and affirm the court's revocation.

Affirmed; motion to withdraw granted.

VAUGHT and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.
No response.