Cite as 2020 Ark. App. 22

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-585

| | |
|---|---|
| | **Opinion Delivered** January 15, 2020 |
| JERMAINE BOHANON | |
| | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 18CR-14-897] |
| | |
| V. | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | |
| STATE OF ARKANSAS | AFFIRMED; MOTION TO WITHDRAW GRANTED |
| | |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal filed on behalf of Jermaine Bohanon following the Crittenden County Circuit Court's revocation of his suspended imposition of sentence (SIS). Bohanon's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2018), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. We affirm and grant counsel's motion to withdraw.

On December 22, 2014, Bohanon pled guilty to possession of a controlled substance, a Class C felony, and furnishing, possessing, or using prohibited articles, a Class B felony. He was sentenced to six years' imprisonment in the Arkansas Department of Correction (ADC) and seventy-two months' SIS.

The State filed a petition to revoke Bohanon's SIS on April 1, 2019, alleging that he had violated its terms and conditions by committing the new offenses of possession of a controlled substance, possession of a firearm, simultaneous possession of firearms and drugs, and possession of drug paraphernalia. At the revocation hearing, the arresting officer testified that on April 19, 2018, he stopped a vehicle driven by Randy Mangum. Because the officer detected a strong odor of marijuana from the car, he removed the passengers from the car and advised that he would be conducting a search of the vehicle. The officer located a backpack on the front floorboard of the car, which he had observed under Bohanon's legs when Bohanon had been seated in the front passenger seat. In the bag he found seventy-six grams of marijuana, twelve grams of powder cocaine, 1.661 grams of rock cocaine, eight pills of codeine, and eight pills of cyclobenzaprine. The bag also contained a black .44-magnum handgun, a digital scale, Bohanon's identification card, and his Social Security card.

Bohanon testified that the backpack was not his. He stated that he had previously lost his wallet after riding in the same car about two weeks prior to being pulled over. He also stated that he didn't know the backpack was in the car prior to being stopped and that he was unaware of its contents.

The court found that Bohanon had violated the terms and conditions of his SIS and sentenced him to 180 months' incarceration in the ADC. This no-merit appeal follows.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Raiford v. State*, 2012 Ark. App. 414, at 2 (citing Ark. Sup. Ct. R. 4-

2

3(k)(1); *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001); *Campbell v. State*, 74 Ark. App. 277, 279, 47 S.W.3d 915, 917 (2001)). The clerk of this court served Bohanon with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. He has not done so.[1]

In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Parmer v. State*, 2017 Ark. App. 5, at 5. A no-merit brief must provide a "full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous." *Reed v. State*, 2013 Ark. App. 432, at 3. Arkansas Supreme Court Rule 4-3(k)(1) requires that a no-merit argument address and discuss all adverse rulings made by the circuit court on the defendant's objections, motions, and requests and explain "why each adverse ruling is not a meritorious ground for reversal." *Id.* at 3–4.

We are satisfied that counsel has demonstrated that there is no nonfrivolous argument that could serve as the basis for an appeal regarding the sufficiency of the State's evidence against Bohanon. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. *Collins v. State*, 2018 Ark. App. 563, at 2, 566 S.W.3d 139, 140. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. *Id.* The appellate court defers to the circuit court's superior

---

[1]Because Bohanon attempted to submit pro se points but inadvertently sent them to his attorney instead of the court, we granted him additional time to submit those points. He failed to do so, and the deadline has now passed.

position in evaluating the credibility and weight to be given testimony. *Id.* Here, Bohanon was seen with the bag under his legs, and his identification card and Social Security card were found in the bag along with the drugs, scale, and gun. The court was not required to believe Bohanon's self-serving testimony that he did not know the bag was in the car or what it contained. We therefore affirm as to the sufficiency of the evidence against Bohanon.

The next adverse rulings were the court's decisions to sustain two hearsay objections by the State during Bohanon's testimony. Both times, Bohanon attempted to testify to something that someone else allegedly told him. The State objected, and the court sustained both objections without further discussion or argument by the defense. Although the rules of evidence, including the hearsay rule, are not strictly applicable in revocation proceedings, Ark. R. Evid. 1101(b)(3); *see also Felix v. State*, 20 Ark. App. 44, 723 S.W.2d 839 (1987), the right to confront the witnesses is applicable and has previously been used as a basis for affirming a circuit court's evidentiary rulings as to hearsay testimony in a revocation proceeding. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Jones v. State*, 31 Ark. App. 23, 25–26, 786 S.W.2d 851, 852 (1990); *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989).

Bohanon's counsel argues that the Confrontation Clause provides a clear basis for affirming the court's decision to sustain both objections. We disagree. The Sixth Amendment to the Constitution of the United States and article 2, section 102, of the Arkansas Constitution both give the *accused* the right to confront witnesses in criminal cases. This includes the right of the accused to see the witness, hear testimony, and to cross-examine. Under both provisions, the right explicitly accrues to the benefit of the accused. Counsel has not provided any authority for his position that the State may rely on the Confrontation Clause as the basis for objecting to the defendant's own testimony.

4

While we disagree with counsel's basis for arguing that these evidentiary rulings provide no nonfrivolous basis for an appeal, we reach the same conclusion for a different reason. Bohanon failed to proffer the testimony he wished to admit. When challenging the exclusion of evidence, a party must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *See Rodgers v. State,* 360 Ark. 24, 30, 199 S.W.3d 625, 629 (2004); *Arnett v. State*, 353 Ark. 165, 122 S.W.3d 484 (2003). In this case, Bohanon neither made any argument related to why the testimony should be admitted nor did he proffer the testimony for our review. We therefore affirm on this point.

The final adverse ruling to discuss was the court's rejection of a plea agreement due to Bohanon's refusal to admit that he knew the backpack was in the car and knew what it contained. First, this issue is not preserved because Bohanon never objected to the court's refusal to allow the plea. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). Alternatively, the circuit court has a duty pursuant to Arkansas Rule of Criminal Procedure 24.6 to determine whether there is a factual basis for a plea, and in order to enter a guilty plea, the defendant must admit guilt, which Bohanon refused to do. *Schneider v. State*, 290 Ark. 454, 720 S.W.2d 709 (1986). Either way, this adverse ruling presents no nonfrivolous ground for an appeal.

Affirmed; motion to withdraw granted.

VIRDEN and GLADWIN, JJ., agree.

*Bart Ziegenhorn*, for appellant.

One brief only.