Cite as 2020 Ark. App. 333

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-648

|  |  |  |
|---|---|---|
| RONTERRIO MAYO | | **Opinion Delivered** June 3, 2020 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-19-34] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of Ronterrio Mayo following his conviction for being in possession of a prohibited article (a cell phone) while in the custody of a correctional facility. Mayo's counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2019), along with a motion to be relieved as counsel. We deny the motion to be relieved and order rebriefing.

A request to withdraw on the ground that an appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party together with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Id.* The test for filing a no-merit

brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Macleod v. State*, 2017 Ark. App. 388. Appellate counsel appropriately discussed the denial of Mayo's motion for directed verdict, which challenged the sufficiency of the evidence to convict Mayo. Appellate counsel has not, however, demonstrated that an appeal of the denial of Mayo's pretrial motion to suppress would be wholly without merit, so we deny counsel's motion to withdraw and order rebriefing. *See Wilson v. State*, 2019 Ark. App. 7, 569 S.W.3d 340.

Correctional officers found a cell phone hidden in the wall of a jail cell that was assigned to Reginald Winston. Mayo gave two statements to correctional officers in which he said that the phone was not Winston's, and instead, he (Mayo) was in possession of the cell phone. In a third statement that he gave to a state police officer months later, after Mayo had been given *Miranda* warnings, Mayo said he had used the phone but that it was not his. Mayo filed a pretrial motion to suppress the first two statements, arguing that he gave those statements without being advised of his *Miranda* rights and without being advised that there would be any type of criminal prosecution.

The first statement was taken by Sgt. Charlene Ashcraft, an officer who was investigating the cell-phone incident as part of a disciplinary investigation against Winston. According to Ashcraft, Winston had called Mayo as a witness, she asked if Mayo wanted to make a statement, and Mayo handwrote on a form that the phone was not Winston's, that "it was mine in my possession, [and] he didn't have anything to do with it[.]" The form had a disclaimer in type at the bottom, reciting that the statement was made freely, under no duress, and without undue coercion. Mayo signed and dated the form. Ashcraft

admittedly did not give Mayo any *Miranda* warnings, denied interrogating Mayo, and said she was "not the police." Ashcraft believed, however, that she took Mayo's statement while he was in isolation.

The second statement was taken by Christopher Tiernan, a prison officer who recalled that Mayo had been taken into solitary confinement, where Tiernan directed Mayo to give a statement. Tiernan did not remember if he had advised Mayo of any consequences that might come from giving a statement, and he did not give *Miranda* warnings to Mayo. Tiernan said that if he did advise Mayo of any consequences, it would have been that "they're starting to give free world charges for them." Using an identical form, Mayo handwrote, "The phone did not belong to R. Winston, it was in my possession."

Mayo did not testify at this pretrial hearing. Mayo argued that his first two statements should have been suppressed because they were not preceded by *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The circuit court denied the motion to suppress. When we review the denial of a suppression motion, this court makes an independent examination of the evidence based on the totality of the circumstances, and we will not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Fricks v. State*, 2016 Ark. App. 415, 501 S.W.3d 853.

*Miranda* warnings are required only in the context of a custodial interrogation. *See Hall v. State*, 361 Ark. 379, 206 S.W.3d 830 (2005). Counsel asserts that Mayo was "in custody" for purposes of *Miranda* when he made the statements to the correctional-facility officers but contends that the statements were not the product of an "interrogation." The term "interrogation" under *Miranda* refers not only to express questioning but also to any

words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *See id.* The test is dependent on the objective circumstances and what a reasonable person in that person's situation would have understood under those circumstances. *Id.*

Counsel's no-merit brief does not adequately explain how Mayo, who was alleged to have been in custody, was not subjected to interrogation as the term is used in the context of *Miranda* warnings. The record indicates that Mayo was placed in solitary confinement following the discovery of the cell phone, and Mayo's statements were in response to these correctional officers' asking Mayo about his involvement with the possession and use of a contraband item. Counsel's brief asserts summarily that "the officers only asked Appellant if he wanted to make a statement. There was no interrogation of Appellant." Counsel's brief fails to adequately explain how there is no issue of arguable merit to be presented in an appeal of the denial of the motion to suppress.

Accordingly, we deny counsel's motion to withdraw and order rebriefing.[1] Counsel has thirty days from the date of this opinion in which to submit an appellate brief.

Rebriefing ordered; motion to be relieved denied.

WHITEAKER and VAUGHT, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[1]Because we order rebriefing, we need not address Mayo's pro se points for reversal. *See Tennant v. State*, 2014 Ark. App. 403, 439 S.W.3d 161.