Cite as 2020 Ark. App. 463

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-850

| | |
|---|---|
| PAULA RENA MARTIN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered**   October 7, 2020<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. 02CR-18-68]<br><br>HONORABLE SAM POPE, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

**N. MARK KLAPPENBACH, Judge**

This is a no-merit appeal filed on behalf of Paula Rena Martin following her conviction for six counts of fraudulent use of a debit or credit card, felony theft, second-degree forgery, and computer fraud. Martin embezzled more than $160,000 from J Taylor Construction, LLC, while she was the office manager. Martin entered a guilty plea to the charges but had a jury determine her sentencing. Martin was sentenced to serve sixty years in prison, ordered to pay a $30,000 fine, and ordered to pay almost $163,000 in restitution. Martin's counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2019), along with a motion to be relieved as counsel. Martin was provided a copy of her counsel's brief and motion; Martin did not file any pro se points for reversal, and the State did not file a responsive brief. After considering this appeal under the proper standards, we order rebriefing and deny counsel's motion to be relieved.

A request to withdraw on the ground that an appeal is wholly without merit shall be accompanied by a brief including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party together with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Id.* The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Macleod v. State*, 2017 Ark. App. 388.

At the outset, we must determine whether we have jurisdiction to consider this no-merit appeal. There is no direct appeal from a plea of guilty, Ark. R. App. P.–Crim. 1(a) (2019), but one exception permits appeal from a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself. *See Starks v. State*, 2019 Ark. App. 182, 574 S.W.3d 700.

Martin entered a guilty plea directly to the circuit court but desired to be sentenced by a jury. The sentencing proceeding was separate from the guilty plea itself, so we have appellate jurisdiction over the appeal of adverse rulings during that hearing. Counsel's brief identifies two adverse rulings during the jury-selection process, asserting that neither adverse ruling would present an issue of arguable merit. As to the adverse ruling that sustained a State's objection, counsel fails to adequately explain why an appeal of this ruling would be wholly without merit. In addition, counsel omits another adverse ruling: the denial of counsel's request that all of Martin's sentences be run concurrently.

Because counsel has failed to fulfill his obligations for a no-merit brief, counsel has failed to comply with Rule 4–3(k), which requires rebriefing. We order counsel to submit a substituted brief within fifteen days of this opinion. Ark. Sup. Ct. R. 4-2(b)(3). If counsel chooses to again file an *Anders* brief, the brief will be forwarded by our clerk to Martin so that she will again be permitted, within thirty days, to raise any points she so chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2), and the State shall be afforded the opportunity to file a responsive brief. *See Jackson v. State*, 2015 Ark. App. 400.

Rebriefing ordered; motion to be relieved denied.

HARRISON and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.