Cite as 2021 Ark. App. 84

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-881

|  |  |  |
|---|---|---|
| JORDAN ADCOCK | | **Opinion Delivered** February 24, 2021 |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-18-352] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JERRY RAMEY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

Jordan Adcock appeals the order of the Conway County Circuit Court revoking his probation and sentencing him to five years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Adcock's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. We previously ordered rebriefing due to counsel's failure to address all adverse rulings. *Adcock v. State*, 2020 Ark. App. 334. Although Adcock was sent a copy of his counsel's brief and motion by mail, notifying him of his right to present pro se points for reversal, he did not file any pro se points. We affirm the revocation and grant counsel's motion to withdraw.

In February 2019, Adcock entered a negotiated plea of guilty to the charge of possession of a controlled substance. He received a sentence of six years' probation. The

State filed a petition to revoke his probation in May 2019 alleging that Adcock had failed to report to his probation officer as directed, had failed to pay all of his supervision fees, and did not reside at his reported address. After a hearing in August 2019, the circuit court revoked Adcock's probation.

Rule 4–3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Mayo v. State*, 2020 Ark. App. 333. The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *Id.*

Counsel first addresses the decision to revoke Adcock's probation. The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his or her probation. *Trotter v. State*, 2015 Ark. App. 408, 465 S.W.3d 860. This court will not reverse unless the circuit court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the circuit court and the weight it assigns to the evidence. *Id.*

Dean McKendry, Adcock's probation officer, testified that Adcock had committed several violations of the terms and conditions of his probation. These included failing to report as directed and failing to make any payments on his financial obligations. Adcock

2

acknowledged in his testimony that he had failed to report and failed to make any payments. The circuit court found that Adcock had inexcusably violated the conditions of his probation. We agree with counsel that there is no merit to an appeal of the circuit court's ruling.

Counsel next addresses an adverse ruling concerning Adcock's sentence. During closing arguments, counsel argued that instead of sentencing Adcock to prison, the circuit court should reinstate his probation and allow him to finish the "SSP" program he was currently participating in as a result of a parole violation. The court denied the request and sentenced Adcock to five years' imprisonment. Counsel asserts that the court appropriately exercised its discretion in denying the request to reinstate Adcock's probation because he had already failed to comply with the reporting requirements of probation. We agree that this ruling presents no issue of arguable merit to raise on appeal.

From our review of the record and the brief presented to us, we find that counsel has complied with the requirements of Rule 4–3(k)(1) and hold that there is no merit to this appeal. Accordingly, we affirm the revocation of Adcock's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.

3