Cite as 2021 Ark. App. 139

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-850

| | |
|---|---|
| PAULA RENA MARTIN<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** March 31, 2021<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-18-68]<br><br><br>HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of Paula Rena Martin following her conviction for six counts of fraudulent use of a debit or credit card, felony theft, second-degree forgery, and computer fraud. This appeal returns to us after we ordered rebriefing in *Martin v. State*, 2020 Ark. App. 463. The deficiencies that required rebriefing have been remedied.

Martin embezzled more than $160,000 from J Taylor Construction, LLC, while she was the office manager. Martin entered a guilty plea to the charges but had a jury determine her sentencing. Martin was sentenced to serve sixty years in prison, ordered to pay a $30,000 fine, and ordered to pay almost $163,000 in restitution. Martin's counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2020), along with a motion to be relieved as counsel. Martin was provided a copy of her counsel's brief and motion; Martin did not file any pro se points for reversal,

and the State did not file a responsive brief. Having considered this appeal under the proper standards, we affirm and grant her counsel's motion to be relieved.

A request to withdraw on the ground that an appeal is wholly without merit shall be accompanied by a brief including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party together with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Id.* The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Macleod v. State*, 2017 Ark. App. 388.

At the outset, we recognize that as a general rule, there is no direct appeal from a plea of guilty, Ark. R. App. P.–Crim. 1(a) (2020), but one exception permits appeal from a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself. *See Bushnell v. State*, 2020 Ark. App. 566, 614 S.W.3d 476; *Starks v. State*, 2019 Ark. App. 182, 574 S.W.3d 700. Martin entered a guilty plea directly to the circuit court but desired to be sentenced by a jury. The sentencing proceeding was separate from the guilty plea itself, so we have appellate jurisdiction over the appeal of adverse rulings therein.

Counsel identifies two adverse rulings during voir dire. In one adverse ruling, defense counsel remarked to one potential juror that the State was going to request that all counts run consecutively. The prosecutor objected, contending that this was unfair because he had

not made such a statement, and the circuit court ruled in the State's favor. Counsel correctly asserts that the extent and scope of voir dire falls within the broad discretion of the circuit court. *See Reid v. State*, 2019 Ark. 363, 588 S.W.3d 725. The circuit judge is to permit questions "as the judge deems reasonable and proper." Ark. R. Crim. P. 32.2(b) (2020). There could be no issue of arguable merit to raise on appeal as to this adverse ruling. The other adverse ruling was the denial of defense counsel's request to excuse a potential juror for cause based on his statement that he was inclined to give the maximum sentence allowed. The circuit court inquired further of this potential juror, determined from his answers that the juror would consider mitigating evidence, and decided not to excuse him. Counsel correctly states that prospective jurors who state that they can lay aside prior impressions or opinions and render a verdict based upon the evidence presented at trial are qualified to serve as jurors. *See Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43.

The final adverse ruling was the denial of Martin's request that all her sentences be run concurrently. The jury had recommended that all the sentences run consecutively, and defense counsel asserted that this recommendation was not binding on the circuit court. The court imposed some consecutive and some concurrent sentences on the charges. The question of whether sentences should run consecutively or concurrently lies within the sole province of the circuit court. *House v. State*, 2020 Ark. App. 452, 611 S.W.3d 197. This is a discretionary decision for the court to make, and it is evident that the circuit court exercised its discretion in sentencing Martin, so there could be no meritorious argument with respect to its sentencing decision.

Having reviewed the record and the no-merit brief presented, we conclude that there has been compliance with Rule 4–3(k) and that the appeal is without merit. Consequently, counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed; motion to be relieved granted.

GRUBER and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.