Cite as 2022 Ark. App. 6

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-21-2

| | |
|---|---|
| DYLAN HUNTER GOODWIN<br>APPELLANT | **Opinion Delivered** January 12, 2022 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72CR-14-1847, 72CR-14-2310, 72CR-17-3212 & 72CR-17-2851] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of Dylan Hunter Goodwin following the Washington County Circuit Court's revocation of his probation in four criminal cases. Goodwin's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2020), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. Appellant provided pro se points in response to his counsel's brief, and the State filed a response to appellant's pro se points. We order rebriefing and deny counsel's motion to be relieved.

In May 2018, Goodwin pleaded guilty to residential burglary and felony theft of property in case number 72CR-14-1847, possession of oxycodone in case number 72CR-14-2310, possession of methamphetamine in case number 72CR-17-3212, and failure to

appear in case number 72CR-17-2851. For these crimes, Goodwin was placed on four years of probation and ordered to abide by certain conditions. In October 2020, the State filed a motion to revoke his probation for violating the probation conditions that required him (1) to report as directed to his probation officer, (2) to pay fines and fees as ordered, (3) to remain on good behavior and not commit new criminal offenses, and (4) to not test positive for controlled substances.

At the hearing, defense counsel did not object to the entry of exhibits to the court, and testimony was taken from four witnesses. At the conclusion of the hearing, the circuit court revoked Goodwin's probation and sentenced him to four years in prison. Goodwin's attorney filed a notice of appeal and a motion to be relieved as counsel.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Id.* We order rebriefing because counsel has not fulfilled her obligations under Rule 4-3.

In this appeal, Goodwin's attorney contends that there were "no adverse rulings in this case," that one objection raised by the defense was withdrawn, and that there was "no objection to the sufficiency of the evidence used for revocation." In the context of revocation proceedings, a defendant is not required to raise a motion challenging the

2

sufficiency of the evidence to revoke in order to have the sufficiency issue considered on appeal. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001); *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). Counsel fails to adequately explain the law applicable to probation-revocation proceedings and why there could be no issue of arguable merit to appeal the sufficiency of the evidence to revoke Goodwin's probation. This mandates that we order rebriefing. *See Morgan v. State*, 2009 Ark. App. 529, 336 S.W.3d 874.

We order counsel to file a substituted brief that complies with Rule 4–3 within thirty days from the date of this opinion. When the substituted brief is filed, the motion and brief will be forwarded by the clerk of our court to Goodwin so that he may raise within thirty days any points he so chooses in accordance with Rule 4–3.

We add in closing that appellate counsel incorrectly asserts that Goodwin "waived his right to appeal by pleading guilty." The guilty pleas to which counsel is referring are to the underlying offenses for which he was placed on probation. Goodwin did not plead guilty to the alleged misconduct that would support revoking his probation in October 2020, and it is the revocation order that is on appeal.

Rebriefing ordered; motion to be relieved denied.

ABRAMSON and VIRDEN, JJ., agree.

*Davis Firm, PLLC*, by: *Leah Ryals Jacobs*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.