Cite as 2022 Ark. App. 281

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-21-2

| | |
|---|---|
| DYLAN HUNTER GOODWIN<br>APPELLANT | Opinion Delivered June 1, 2022 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72CR-14-1847, 72CR-14-2310, 72CR-17-3212 & 72CR-17-2851] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of Dylan Hunter Goodwin following the Washington County Circuit Court's revocation of his probation in four criminal cases.[1] Goodwin's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2021), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. Appellant was notified of his right to file pro se points in response to his counsel's brief, but he has filed none. We affirm the revocation of Goodwin's probation and grant counsel's motion to be relieved.

---

[1]This appeal returns to us after we ordered counsel to rebrief the appeal. Counsel's first brief did not comply with our rules concerning no-merit briefs. Those deficiencies have been remedied in counsel's substituted brief.

In May 2018, Goodwin pleaded guilty to residential burglary and felony theft of property in case number 72CR-14-1847, possession of oxycodone in case number 72CR-14-2310, possession of methamphetamine in case number 72CR-17-3212, and failure to appear in case number 72CR-17-2851. For these crimes, Goodwin was ordered to serve ninety days in community corrections and then serve four years of probation. Goodwin's probation required that he abide by certain written conditions of behavior including that he pay $100 a month toward $1,345 in total fines, costs, and fees.

In October 2020, the State filed a motion to revoke his probation for violating the probation conditions that required him to (1) report as directed to his probation officer, (2) pay fines and fees as ordered, (3) remain on good behavior and not commit new criminal offenses, and (4) not test positive for controlled substances.

At the hearing conducted on October 7, 2020, defense counsel did not object to the entry of exhibits, and testimony was taken from four witnesses. The State proved that Goodwin had made no payments on the $1,345 due. According to Goodwin's probation officer, Goodwin never provided proof of employment or evidence of where he was living. Furthermore, the probation officer had an encounter with Goodwin during which Goodwin admitted having purchased methamphetamine and another encounter wherein Goodwin admitted he would test positive for marijuana. At the conclusion of the hearing, the circuit court revoked Goodwin's probation and sentenced him to four years in the Department of Community Correction on each offense to be followed by sixteen years of suspended imposition of sentence on the residential-burglary charge and two years of suspended

2

imposition of sentence on each of the other charges.[2] Goodwin's attorney filed a notice of appeal from the sentencing order. His attorney has filed a no-merit brief and a motion to be relieved as counsel with our court.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Id.*

Goodwin's attorney contends that there were no adverse rulings in this case other than the decision to revoke Goodwin's probation and that there were multiple bases to revoke his probation. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the

---

[2]Goodwin was permitted one week to take care of his personal affairs and was to turn himself in to begin serving his sentence on the morning of October 14, 2020. Goodwin did not appear. The circuit court filed an order on October 29, 2020, stating that the issues of Goodwin's contempt and pending request for an appeal bond "will be considered at a date to be determined in the future." There is no order in this record resolving those issues, so those issues are not final and are not before us in this appeal.

testimony.  *Id.*  There were multiple violations found to be true by the circuit court, and any one of those violations would support revocation. We agree that counsel has demonstrated that there is no issue of arguable merit to raise on appeal as to the sufficiency of the evidence to revoke.

From our review of the record and the brief presented to us, we find that counsel has complied with *Anders* and Rule 4-3 and hold that the appeal is without merit.  Accordingly, we affirm the revocation and grant counsel's motion.

Affirmed; motion to be relieved granted.

ABRAMSON and BROWN, JJ., agree.

*Leah Ryals Jacobs*, for appellant.

One brief only.