Cite as 2023 Ark. App. 2

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-21-255

| | | |
|---|---|---|
| JODECI NASH | | Opinion Delivered January 18, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-16-154] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## RAYMOND R. ABRAMSON, Judge

This is a no-merit appeal filed on behalf of Jodeci Nash following the Saline County Circuit Court's revocation of his probation. Nash's counsel filed a notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2021), along with a motion to withdraw as counsel asserting that there is no issue of arguable merit on appeal. The clerk of this court sent Nash a copy of his counsel's brief and motion to inform him of his right to file pro se points for reversal. He did not file pro se points. We order rebriefing and deny counsel's motion to withdraw.

On April 17, 2017, Nash pled guilty to false imprisonment and domestic battery, and the court sentenced him to forty-eight months' probation for false imprisonment and twelve months' probation for domestic battery. On February 2, 2018, the State moved to revoke

Nash's probation alleging that Nash had committed new offenses and had failed to pay court costs and fines.

On January 31, 2019, the State amended its petition to revoke Nash's probation, and on October 8, 2020, the State filed a second amended petition. In the second amended petition, the State alleged that Nash had committed new offenses; tested positive for alcohol, amphetamine, and marijuana; failed to report; failed to notify his probation officer of a change of address; failed to pay supervision fees, fines, and court costs; failed to complete a domestic-battery course; and failed to complete community service.

On January 12, 2021, the court held a revocation hearing. At the conclusion of the hearing, the court found that Nash had committed multiple violations and sentenced him to sixty months' imprisonment with jail-time credit. Nash appealed the sentencing order.

On appeal, Nash's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary

risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Miller v. State*, 2021 Ark. App. 229.

We hold that counsel's no-merit brief in this case is not in compliance with *Anders* and Rule 4-3(k) for three reasons. First, counsel inadequately discusses the sufficiency of the evidence for the revocation of Nash's probation. Counsel merely states that the court did not err in finding that there was sufficient evidence to show that Nash violated his probation and that "there is no dispute" that Nash violated several conditions. However, counsel fails to note that the revocation of Nash's probation is an adverse ruling, and he cites no law concerning the sufficiency of the evidence for revocations of probation.

Second, our review of the record reveals an adverse ruling that counsel wholly fails to address. Record page 47 reflects that during the revocation hearing, the State objected to Nash's testimony on the basis of relevancy. The court agreed and asked Nash to move along.

Third, counsel made at least two errors in his statement of the case. He states that Nash was sentenced on March 7, 2019, but the record shows that Nash was sentenced on April 17, 2017. He also does not discuss the operative second amended petition to revoke filed on October 8, 2020. He cites only the first amended petition.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief within fifteen days from the date of this opinion. The deficiencies we have noted should not be considered an exhaustive list, and counsel is strongly encouraged to review *Anders* and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and KLAPPENBACH, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III* and *Vicram Rajgiri*, for appellant.

One brief only.