Cite as 2023 Ark. App. 149

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-22-539

| | |
|---|---|
| ROBERT LEE THURMON **APPELLANT** | Opinion Delivered March 15, 2023 |
| V. | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-17-261] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE ROBIN CARROLL, JUDGE |
| | AFFIRMED |

## BART F. VIRDEN, Judge

Robert Lee Thurmon appeals the Union County Circuit Court's decision to revoke his probation. We affirm.

On October 24, 2017, Thurmon pled guilty to possession of a controlled substance and possession of drug paraphernalia. He was sentenced to sixty months' probation, and the other charges against him and the habitual-offender enhancement were nol prossed.[1]

On March 7, 2020, the State filed a petition to revoke Thurmon's probation after his arrest in February for possession of drug paraphernalia. Additionally, the State asserted that Thurmon had failed to report to his probation officer, complete Swift Court, and pay fines and fees as ordered. An amended petition filed May 21 also cited Thurmon's arrest for

---

[1]The other charges were misdemeanor possession of a controlled substance and obstructing government operations.

possession of a controlled substance (less than two grams of methamphetamine) and possession of drug paraphernalia as violations of the conditions of his probation warranting revocation. On July 29, 2021, the State filed a second amended petition to revoke and presented the court with a new plea offer. In accordance with the new offer, counsel stated that Thurmon would plead true to "a few of the allegations in there, but not the allegations pertaining to the new charge." Thurmon was given sixty days to comply with the terms of his probation, and the State agreed to nol prosse the new case, No. 70CR-21-194. The court confirmed Thurmon's acceptance of the plea:

THE COURT: Mr. Thurmon, it's my understanding you wish to change your plea to true on some of these counts in the revocation petition, is that correct?

THE DEFENDANT: Yes, sir.

The court accepted the plea, and a review hearing was set for September 21. Thurmon failed to appear at the review hearing. At the hearing, Thurmon's probation officer testified that on August 11, she met with Thurmon and instructed him to come to the probation office the next day. On August 13, Thurmon called the probation office and told her that he had contracted COVID-19 and had been unable to call her the day before. A new meeting date was set for August 18, and again Thurmon did not show or contact her. The court issued a bench warrant, and Thurmon was arrested on January 15, 2022.

On February 28, 2022, the State filed an amended petition to revoke Thurmon's probation. The State asserted that Thurmon had violated the conditions of his probation by committing new criminal offenses, possessing drugs and drug paraphernalia, failing to report

2

to his probation officer, and failing to pay fines and fees. Thurmon appeared in court and requested a different lawyer, contending that he had not entered a guilty plea. The court and counsel reminded Thurmon that he pled true to some of the charges. The court denied his request for a new lawyer and rejected Thurmon's statement that he had not pled guilty. The court instructed Thurmon, "[I]f you wish to say something about your case, go ahead. But otherwise, I am going to pass sentence today." Thurmon stated that he had not been to court or consulted with an attorney, and "[he hadn't] even had a chance to plead true to nothing or nobody." The State recommended six years' incarceration in the Arkansas Department of Correction (ADC), and defense counsel argued that the sentence should be three years due to his partial compliance with the court's orders. The court stated, "[S]ince you've pled true, I'm going to sentence you to three years in the Department of Correction." Thurmon was also ordered to pay costs and fees of $440. Thurmon timely filed his notice of appeal.

On appeal, Thurmon argues that the circuit court violated his due-process rights by failing to comply with Arkansas Rule of Criminal Procedure 24.4 (prerequisites for accepting a plea), Rule 24.5 (determining the voluntariness of the plea), and Rule 24.6 (determining the accuracy of a plea). The State correctly asserts that Thurmon's arguments regarding (1) the court's compliance with its duty to inform him of the nature of his charges, the minimum and maximum sentences, enhancements, and that he was giving up his right to a jury trial; (2) the court's failure to determine the voluntariness of his plea; and (3) the court's determination that there is a factual basis for the plea are not preserved for appeal. At the revocation hearing, Thurmon made no objection whatsoever based on the court's alleged

3

failure to comply with Rules 24.4, 24.5, or 24.6. Instead, Thurmon repeated his statement that he never accepted a plea. When the court asked him if he had anything to say regarding his case, he said no. Because Thurmon did not raise the above arguments to the circuit court, we affirm without reaching the merits. *See Bohanon v. State*, 2020 Ark. App. 22, at 5, 594 S.W.3d 92, 96.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.